UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>  vs.<br><br>JAMES WALUNGA,<br><br>        Defendant. | 3:08-cr-098-JDR<br><br>**<u>ORDER</u>**<br>**<u>ADDRESSING</u>**<br>**<u>AMENDED JUDGMENT</u>**<br><br>(Docket No. 155) |

        Defendant James Walunga has filed a "Response to First Amended Judgment" requesting certain modifications to the Amended Judgment entered September 24, 2010.[1] Upon due consideration of defendant's response, the court intends to take the following action set forth below in response to the defendant's pleading.

---

[1] Response to First Amended Judgment filed at Docket 155.

**I.**

Walunga argues that there is no basis for his probation to prohibit the use of controlled substances. The original judgment required the defendant to submit to one drug test within fifteen (15) days of placement on probation and at least two periodic drug tests thereafter, as determined by the court. Walunga was subjected to one drug test by the probation office while on probation. The drug test was negative. There appears to be no need at this time for further periodic drug tests (excluding alcohol screening). Therefore, the court will amend the latest judgment to suspend drug testing as a condition of probation for the reason that the court determines that the defendant poses a low risk of future substance abuse (again, excluding alcohol abuse).

**II.**

The defendant objects to a portion of the language in the Amended Judgment addressing the first special condition of supervised release wherein the defendant is ordered "to participate in, and successfully complete, at least ninety days <u>and no more than nine months</u> in the Akeela House residential substance abuse treatment program." Walunga objects to the underlined language. That language, however, was added because supervised release ends in nine months whereas any substance abuse treatment program at the Akeela House could continue after nine months. Walunga notes in his pleading that it was specifically

represented at sentencing that he would not be required to pay for the ninety days. That is a correct statement and the United States shall pay for up to ninety days but no more than ninety days should Walunga continue in the treatment program. Any additional costs for the program after the ninety days would be up to Walunga based up a sliding scale imposed by the Akeela House.

The final sentence of paragraph 2 under Special conditions of Supervised Release in the Amended Judgment correctly contains the word "may" in the statement that "[f]ailure to adhere to any and all program conditions may result in revocation of supervised release." For these reasons the objections to the amended judgment discussed under point 2 on page 2 of the Response to First Amended Judgment are not well taken and are hereby denied.

The United States shall have to and including September 30, 2010, to file any response to this order or Walunga's Response to First Amended Judgment. Thereafter, the court shall direct the filing of a second amended judgment. The Clerk is hereby directed to unseal Docket 155.

DATED this 28th day of September, 2010, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge